UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RYAN O'NEIL LITTLE,

              Plaintiff,

-vs-                                         Case No.   5:18-cv-303-Oc-WFJ-PRL

FNU CHEATHAM, et. al.,

              Defendants.
_____/

## ORDER

Plaintiff, a federal inmate proceeding *pro se*, initiated this case by filing a civil rights complaint pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. 1). The Court has served the Complaint and the response/answer is not yet due. (Doc. 13).

This case is before the Court because Petitioner has filed a Motion for "Temporary Relief: Injunction and Show Cause Order." (Doc. 21). Plaintiff states that he seeks a temporary restraining order, an injunction and a show cause order. In general, Plaintiff complains that he has been harassed, retaliated against and provoked. While not entirely clear it appears that the provocation relates to his father's death and the fact that he was not informed of his passing. Plaintiff adds

1

that an unidentified officer spoke to him with a "malicious irate tone," with the intention of provoking him to respond. Plaintiff states that "their actions are getting more aggressive due to grieving the loss of [Plaintiff's] father and being in an unstable mental state."

Further, Plaintiff complains about an encounter he had with J. Vogel, S. Cook and A. Wisniewiski with respect to his food. Plaintiff claims that J. Vogel took his commissary food items and threw them, and "trashed" his cell on more than one occasion to get Plaintiff to "respond insubordinately." Plaintiff then alleges that he has been placed in administrative confinement and separated from his legal materials, personal property, access to the courts, law library and "hygienic items."

As relief, Plaintiff requests a restraining order keeping J. Vogel, S. Cook and A. Wisniewiski 150 feet from the facility; directing U.S.P. Canaan to provide complete copies of his emails and to transcribe his phone calls; and directing the BOP or defendants to fax to the court copies of his various grievances. Plaintiff also seeks an order directing the prison to remove him from administrative confinement and for certain officers to submit to polygraph tests. Moreover, Plaintiff requests that the Court order the return of all legal materials and personal property.

Plaintiff is not entitled to the requested relief. To the extent that Plaintiff complains about J. Vogel, S. Cook and A. Wisniewiski's conduct, these individuals are not defendants in this case. While these officers/staff members may be located at Plaintiff's current prison, their actions are not at issue before the Court. The Court notes that Plaintiff includes a request to "add treatment specialist J. Vogel and S. Cook, Food Service Admin. A. Wisniewiski and N.E.R.O (D.H.O) Jordan to the case." However, in order to amend the complaint to add these individuals, Plaintiff must submit a separate motion to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure and the Local Rules of this Court.

Further, Plaintiff's request regarding the release from administrative confinement is moot. At the end of his motion, Plaintiff states that he has been released from the SHU and will "keep the courts abreast of changes but is still currently without legal document, personal property, etc. etc." Accordingly, Plaintiff's allegations regarding his "seg" placement is not properly before the Court.

To the extent that Plaintiff's request pertains to his access to the prison library or his legal materials, he is not threatened with an irreparable and imminent injury. Moreover, Plaintiff does not identify the missing materials that he apparently needs to litigate his case. If Plaintiff is unable to obtain his property, he may file a

separate grievance with the prison to pursue his administrative remedies on the matter. While it does not appear that Plaintiff has had any issue communicating with the Court and meeting deadlines, he may file a motion for an extension of time for the Court's consideration if his inability to obtain specific documents and property has prohibited from doing so.

Finally, other than the provocation Plaintiff allegedly suffered because of his father's death, he has not sufficiently described the harassment and retaliation that occurred in order to support a restraining order or other injunctive relief.

In sum, Plaintiff has not established a substantial likelihood of success on the merits. The motion does not conform to Local Rules 4.05 and/or 4.06, and Rule 65 of the Federal Rules of Civil Procedure, which set forth the requirements for seeking a Preliminary Injunction and/or Temporary Restraining Order. The motion (Doc. 21) is **DENIED**.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida this 1st day of March 2019.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE